IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>JACOB LANCE PRITCHETT,<br>　　　　　Defendant. | Case No.  22-cr-038-RAW |

## DEFENDANT JACOB LANCE PRITCHETT'S TRIAL BRIEF

**COMES NOW**, the Defendant **JACOB LANCE PRITCHETT**, by and through his counsel of record, Robert D. Gifford of **Gifford Law, P.L.L.C.**, and hereby submits the following Trial Brief.

## STATUS OF THE CASE

Defendant **JACOB LANCE PRITCHETT** is charged by means of an Indictment with two counts with charges relating to sexual abuse in Indian Country.  This case is currently set for jury trial on July 7, 2022, before the Honorable Ronald A. White, United States District Judge.  The Government anticipates approximately three to four working days for jury selection and for the presentation of its evidence. The Defense anticipates approximately one to two working days for the presentation its case.  Mr. Pritchett is currently released on conditions of pre-trial release and is in compliance.

I. **Mr. Pritchett does not have any prior felony "convictions," however has a "deferred" on a misdemeanor drug possessioin reduced from a felony out of Cherokee County cannot be used as impeachment**

Mr. Pritchett entered into a deferred adjudication reduced from a felony to a misdemeanor in a matter in Cherokee County of *State v. Jacob Pritchett*, CF-2013-00050. Should Mr. Pritchett testify, this prior plea to a deferred should not be used as impeachment under Rule 609, Fed. R.Evid.

II. **Use of "defendant" versus "Mr. Pritchett"**

Throughout the instructions given to the jury, the use of the term "defendant" is used. Such blanket term dehumanizes Mr. Pritchett and numbs the jurors duty and responsibility when considering the evidence under the "beyond a reasonable doubt" standard. It is respectfully requested that instead of just "defendant" being used to describe Mr. Pritchett, that he be referred to by his name ("Mr. Pritchett") or as "the defendant Mr. Pritchett."

III. **Self-Serving Hearsay of Government Non-Testifying Witness**

The Defense anticipates that the government may attempt to offer statements of non-testifying witnesses (e.g. a co-defendant who has pleaded guilty and will not testify at trial or other law enforcement agents). These statements would be hearsay and not admissible pursuant to Rule 801(c). These statements would not be "admissions by a party opponent" pursuant to Rule 801(d)(2) – because they would be offered by the party himself, rather

than the party's "opponent," i.e., the Government. *See United States. v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("Admissions by a party-opponent are not considered hearsay and therefore can be admitted against that party . . . The rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party.").

Should the Government attempt to enter a non-testifying defendant's statements into evidence (or other non-testifying witness), the Defense reserves the right under Fed. R. Evid. 806 to impeach the defendant as if he or she took the witness stand. In the Notes to Rule 806, Notes of Committee on the Judiciary, Senate report No. 93-1277, "[t]he committee considered . . . the statement by the party-opponent himself or the statement of which he has manifested his adoption - because the credibility of the party-opponent is always subject to an attack." This clearly provides that the defendant's statements are subject to impeachment. Should the defense attempt to bring out any statements of the defendant through the cross-examination of Government witnesses, this decision clearly places the truthfulness of the

accused at issue without ever having to take the witness stand thus subject to FRE 806 impeachment.[1]

Dated: June 13, 2022   Respectfully submitted,

*/S/ Robert D. Gifford*
ROBERT D. GIFFORD, OBA #17034
**Gifford Law, P.L.L.C.**
P.O. Box 2682
Oklahoma City, OK  73101-2682
T:  405.778.4647 | F:  877.295.0287
E:  Robert.Gifford@GiffordLawyer.com

**ATTORNEY FOR MR. PRITCHETT**

---

[1] *See* Prof. Fred Bennett, *How to Administer the "Big Hurt" in a Criminal Case: The Life and Times of Federal Rule of Evidence 806*, 44 Cath. U.L. Rev. 1135; Margaret Cordray, *Evidence Rule 806 and the Problem of Impeaching the Nontestifying Declarant*, 56 Ohio St. L.J. 495 (1995); Prof. David Sonenshein, *Impeaching the Hearsay Declarant*, 74 Temple L. Rev. 163 (2001); Mark Eiglarsh, *The Land Mine of the Federal Rules of Evidence - Rule 806*; 73 Fla. Bar J 26 (1999); etc.

## Certificate of Service

This is to certify that on June 13, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to all counsel of record.

*/s/ Robert "Bobby Don" Gifford*
ROBERT D. GIFFORD